ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2009 FEB 23 PM 3: 00

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT
### FORT WORTH DIVISION

| | |
|---|---|
| JAMES AND CHERYL KILLION, INDIVIDUALLY AND AS NEXT FRIENDS OF MATT KILLION, A MINOR §§§§ | **4 - 09 CV - 1 2 3 - Y** |
| | CIVIL ACTION NO. _____ |
| **Plaintiffs,** §§§ | (Cause No. CV09-0057, removed from the 415th Judicial District, Parker County, Texas) |
| **vs.** §§ | |
| ALBERTA LTD. D/B/A X6 RANCH & FEEDLOT, AND THOMAS TAYLOR §§§§ | |
| **Defendants.** §§ | |

## DEFENDANTS ALBERTA LTD. D/B/A X6 RANCH & FEEDLOT AND THOMAS TAYLOR'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Alberta Ltd. d/b/a X6 Ranch & Feedlot and Thomas Taylor ("Defendants"), Defendants in the above-entitled and numbered Cause and in response to Plaintiff's Original Petition on file herein, file this their Notice of Removal, and would respectfully show the Court as follows:

I.

## PROCEDURAL BACKGROUND

1.      On or about January 15, 2009, an action was commenced by James and Cheryl Killion, Individually and as Next Friends of Matt Killion, a Minor ("Plaintiffs"), until now pending in the 415th Judicial District Court in Parker County, Texas, Cause No. CV09-0057, styled "*James and Cheryl Killion, Individually and as Next Friends of Matt*

*Killion, a Minor v. Alberta Ltd. d/b/a X6 Ranch & Feedlot and Thomas Taylor.*"
Defendant Alberta Ltd. d/b/a X6 Ranch & Feedlot ("X6") was served with and received
Plaintiffs' Original Petition on January 29, 2009. Defendant Thomas Taylor ("Taylor")
received the Plaintiffs' Original Petition on February 5, 2009, via certified mail.

2.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been
filed within thirty (30) days after receipt of citation by Defendants, through service or
otherwise, of a copy of Plaintiffs' Original Petition, from which it might have been first
ascertained if this Action is one which is removable.

II.

<b><u>DIVERSITY OF JURISDICTION AS BASIS FOR REMOVAL</u></b>

3.      The present suit is an action over which this Court has original jurisdiction
pursuant to 28 U.S.C. § 1332(a) and may be removed to this Court by Defendants
pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action between citizens
of different states and the amount in controversy exceeds the sum of $75,000.00,
exclusive of interest and costs.

4.      Plaintiffs James and Cheryl Killion, were, at the time of filing of this Action,
have been at all times since, and still are residents of the State of Texas. Accordingly,
for diversity purposes, Plaintiffs James and Cheryl Killion are citizens of the State of
Texas as defined by 28 U.S.C. § 1332. Matt Killion was, at the time of filing of this
Action, has been at all times since, and still is a resident of the State of Texas.
Accordingly, for diversity purposes, Matt Killion is a citizen of the State of Texas as
defined by 28 U.S.C. § 1332 (c)(2).

5.    Defendant Thomas Taylor was, at the time of the filing of this Action, has been at all times since, and still is a nonresident of the State of Texas, and is a resident of the Country of Canada and Province of Alberta.  Accordingly, for diversity purposes, Thomas Taylor is a citizen of Canada and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332.

6.    Defendant Alberta Ltd. d/b/a X6 Ranch & Feedlot was, at the time of the filing of this Action, has been at all times since, and still is, a corporation, formed under the laws of Alberta, Canada, having its principal place of business now and at the time of the filing of this Action in the Province of Alberta.  Accordingly, for diversity purposes, X6 is a citizen of Canada and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332.

7.    There is and was, at all times relevant to this Notice of Removal (including the time of filing of the suit, receipt of Plaintiffs Original Petition, and the filing of this Notice), complete diversity between Plaintiffs and Defendants.

8.    Pursuant to 28 U.S.C. § 1332 (a), the amount in controversy in this Action exceeds, exclusive of interest and costs, the sum of $75,000.00.   Plaintiffs' Original Petition alleges that "Plaintiffs damages exceed $500,000 when considering their respective life expectancies, the severity of the impact, life and death issues, and the extent of damages."   *See* Plaintiffs' Original Petition, Section VI. Therefore, it is apparent that the amount in controversy exceeds the jurisdictional amount of $75,000.00.

9.    All Defendants have consented to the removal of this Action to federal court.

## III.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

10.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after receipt by Defendants of a copy of the first pleading, motion, order, or other paper from which it could be ascertained that the case is one which is removable.

11.  Pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court because it is in the district and division embracing the place where the state court action is pending.

12.  Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of filing of this Notice of Removal to Plaintiff and are promptly filing a copy of this Notice of Removal with the Clerk of the 415th District Court, Parker County, Texas.

13.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, attached hereto as Exhibit A is an index of all documents filed in state court in this matter.

14.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, attached hereto as Exhibit B is a copy of the docket sheet in the state court action.

15.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of all process, pleadings, and orders filed in the state court are attached as Exhibit C.

16.  Trial has not commenced in the 415th District Court, Parker County, Texas.

## IV.

## CONCLUSION

17.    Because diversity jurisdiction exists over Plaintiffs' claims as set out in Plaintiffs' Original Petition, Defendants desire and are entitled to remove this Cause from state court to the United States District Court for the Northern District of Texas, Fort Worth Division.

WHEREFORE, Defendants respectfully pray that the above-mentioned cause of action now pending in the 415th District Court, Parker County, Texas be removed to this, the United States District Court, Northern District, Fort Worth Division.

DATED: February *23*, 2009.

Respectfully submitted,

**MARK S. SCUDDER**
STATE BAR NO. 17936300
**ANNIE J. JACOBS**
STATE BAR NO. 24050812
**STRASBURGER & PRICE, LLP**
901 MAIN STREET, SUITE 4400
DALLAS, TX 75202-3794
(214) 651-4300
(214) 651-4330 Fax

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on the *23* day of February, 2009, a true and correct copy of the foregoing was forwarded to all known counsel via, certified mail, return receipt requested and facsimile in compliance with the Federal Rules of Civil Procedure.

_____
Annie J. Jacobs

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES AND CHERYL KILLION, INDIVIDUALLY AND AS NEXT FRIENDS OF MATT KILLION<br><br>Plaintiffs,<br><br>V.<br><br>ALBERTA LTD. D/B/A X6 RANCH & FEEDLOT and THOMAS TAYLOR<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br>(Cause No. CV09-0057, removed from the 415th Judicial District, Parker County, Texas) |

## INDEX OF DOCUMENTS

COME NOW Defendants Alberta Ltd d/b/a X6 Ranch & Feedlot and Thomas

Taylor ("Defendants"), Defendants in the above matter and submits this Index of

Documents filed in the State Court Action, pursuant to Local Rule 81.1(a)(3) of the

United States District Court for the Northern District of Texas, and which are attached to

Defendant's Notice of Removal:

| Tab | Document | Date |
|---|---|---|
| 1. | Plaintiff's Original Petition and Citation | January 15, 2009 |
| 2. | Defendants Alberta Ltd d/b/a X6 Ranch & Feedlot and Thomas Taylor's Original Answer | February 11, 2009 |
| 3. | Notice of Filing of Notice of Removal | February 23, 2009 |



EXHIBIT
A

Respectfully submitted,

_____

**MARK S. SCUDDER**
STATE BAR NO. 17936300
mark.scudder@strasburger.com
**ANNIE J. JACOBS**
STATE BAR NO. 24050812
annie.jacobs@strasburger.com
**STRASBURGER & PRICE, LLP**
901 MAIN STREET, SUITE 4400
DALLAS, TX 75202-3794
(214) 651-4300
(214) 651-4330 Fax

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document has been served on the following counsel, via U.S. certified mail, return receipt requested, on February 23, 2009 as follows:

Robert Haslam
Haslam & Gallagher
555 South Summit
Fort Worth, Texas 76104

CMRRR 7107 6719 6320 0059 9440

_____
ANNIE J. JACOBS

# CIVIL DOCKET - CAUSE NO.  CV09-0057

| NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|
| JAMES AND CHERYL KILLION, INDIVIDUALLY AND AS NEXT FRIENDS OF MATT KILLION, A MINOR | Robert Haslam 817.332.3115 | INJURY/DAMAGE- MOTOR VEHICLE | 01/15/2009 |
| vs. | | | JURY FEE: $ |
| ALBERTA LTD. DBA X6 RANCH & FEEDLOT, AND THOMAS TAYLOR | Mark Scudder - 914-651-9300 | | PAID BY: |

| DATE OF ORDERS | | | ORDERS OF THE COURT | MINUTE BOOK | |
|---|---|---|---|---|---|
| Month/Day/Year | | | | VOL. | PAGE |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT

B

State of Texas  }
County of Parker  }

I certify that the foregoing, consisting of ___ pages, is a true, correct and complete copy of the instrument of record in my possession. This ___ day of _____ 20 ___

ELVERA M. JOHNSON, DISTRICT CLERK

By: _____ Deputy

NO. CV09-0057

RECEIVED AND FILED
FOR RECORD

2009 JAN 15  AM 11: 45

ELVERA M. _____ ____
PARKER COUNTY TEXAS

BY _____ DEPUTY

| | | |
|---|---|---|
| JAMES AND CHERYL KILLION, | § | IN THE DISTRICT COURT OF |
| Individually and as next friends of | § | |
| MATT KILLION, a Minor | § | |
| | § | |
| VS. | § | PARKER COUNTY, TEXAS |
| | § | |
| ALBERTA LTD. dba X6 RANCH | § | 45th |
| & FEEDLOT, and THOMAS TAYLOR | § | 46 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, JAMES AND CHERYL KILLION, Individually and as Next

Friends to MATT KILLION, a Minor, hereinafter referred to as Plaintiffs, complaining of

ALBERTA LTD D/B/A X6 RANCH & FEED LOT hereinafter referred to as "ALBERTA LTD"

and THOMAS TAYLOR hereinafter referred to as "TAYLOR", and for cause of action, would

respectfully show the Court and Jury as follows:

I.
Discovery

1.    Discovery is intended to be conducted under Level 3 of T.R.C.P. 190.1.

II.
Parties

2.    All Plaintiffs are residents of Parker County.

3.    Defendant Thomas Lee Taylor is a resident of Alberta, Canada and can be served

with citation by CERTIFIED MAIL, RETURN RECEIPT REQUESTED at 72 Ridge Cres S, W.,

Medicine Hat, Alberta Canada T1B3M6.

4.    Defendant ALBERTA LTD, dba X6 RANCH & FEEDLOT is a company that

offices in Canada and operates for profit on United States interstates, highways, and our

EXHIBIT
C

roadways under a U.S. DOT number 1564051 and is may served with citation by serving E. M. POWELL, 3303 MAIN, SUITE 207, HOUSTON, TX 77002.

III.
FACTS

5. On or about the 13th day of July, 2008, Thomas Lee Taylor was operating for profit a semi-truck on Texas highway 199 in Parker County .3 miles west of Springtown.

6. Alberta Ltd hired and paid Thomas Lee Taylor to drive the truck and cargo at the time of the occurrence.

7. Thomas Lee Taylor was an employee of Alberta Ltd at the time of the occurrence as defined by the FMCSR sec. 376.12.

8. Thomas Lee Taylor was operating a truck with a gross vehicle rating of 110,000 pounds and was carrying triple trailer loaded with equipment at the time of the occurrence.

9. Taylor began his trip on this occasion from Canada and was on his way to Louisiana to deliver equipment.

10. As Taylor approached Springtown, he observed Ms. Cheryl Killion slow to prepare to turn on Highway 199.

11. Taylor made the decision to drive in the opposite lane of traffic and attempt to pass Ms. Killion on the left.

12. Ms. Killion attempted to make a left turn into her home driveway and Taylor struck her vehicle causing Ms. Killion's vehicle to roll and fly in the air.

13. James Killion witnessed the vehicle with his wife and child inside became airborne and violently crash immediately after being hit by Taylor's loaded semi –truck.

14. Matt Killion was pulled from the vehicle by emergency personnel and did not know if his

mother was alive.

15. Cheryl Killion was pinned in the car with one of her legs outside the vehicle pinned against the concrete for at least 40 minutes.

16. Officer Ferguson investigated the wreck and spoke with Taylor and with the witnesses to the occurrence.

17. Officer Ferguson cited Taylor with failing to pass to the left safely, citation number TX 085G0DGY001, and Cheryl Killion was not listed or cited as a factor in the occurrence.

18. Cheryl Killion incurred at least $35,000 in medical bills that were reasonable and necessary to treat the injuries she sustained.

19. James Killion suffered bystander injuries and damages as a result of the occurrence.

20. Two weeks prior to the occurrence Taylor falsified his logs in violation of the USDOT regulations.

21. Alberta Ltd failed to monitor Taylor's logs and allowed him to falsify his logs within 30 days of the occurrence.

22. Alberta Ltd chose not to activate the driver, Taylor's, truck's "black box".

23. Alberta Ltd was unable to download any information on the truck's ECM recording device.

24. Alberta Ltd may not have maintained fuel receipts or other documents as required by the Federal Regulations regarding Taylor's driving history.

25. Witness Ryan Suddeth saw the semi-driver Taylor driving at an excessive speed and out of control immediately prior to striking Ms. Killion's vehicle.

## IV.
### Negligence of Thomas Lee Taylor

26    On the occasion in question, Thomas Lee Taylor was guilty of one or more of the

following acts of negligence and negligence *per se,* among others, which proximately caused the

collision in question and the injuries and damages sustained by the Plaintiffs:

(a)    In failing to keep a proper lookout as a person using ordinary care would have done;

(b)    In failing to properly apply his brakes as a person using ordinary care would have done in violation of §545.351 of the Tex. Trans. Code;

(c    In failing to maintain proper control of his vehicle as a person using ordinary care  would have done under the same or similar circumstances;

(d)    In driving at an excessive rate of speed under the circumstances existing in violation of §§545.351, 545.352, and 545.401 of the Tex. Trans. Code;

(e)    Falsifying his log books in violation of section, 395 FMCSR;

(f)    Driving and working in excess of the allowable hours in violation of  section 395.3 FMCSR; and more specifically operating out of service at the time of the collision;

(g)    Intentionally and knowingly violating the CDL laws of the State of Texas and the Federal regulations; and

(h)    Failing to pass safely to the left of Ms. Killion at the time of the occurrence.

## V.
### Negligence of Alberta Ltd. dba X6 Ranch & Feedlot

27.    All of the foregoing acts and/or omissions constituted negligence and said negligence *per*

*se* and said negligence was a proximate cause of the occurrence in question and Plaintiff's

resulting injuries and damages.

28.    In the alternative and in addition, prior to the above described collision the Defendants

were negligent in failing train their driver, Taylor, or in directing him to drive when and where he was traveling at the time of the occurrence.

29.     Defendants are also liable for Plaintiff's damages under the doctrine of *Respondent Superior* as Taylor was driving in the course and scope of his employment as established by the Federal Regulations applicable for drivers and transporters like Alberta, Ltd.

        Alberta, Ltd. violated at least the following:

a.     49 C.F.R. 390.3 (knowledge and compliance with the regulations)
b.     49 C.F.R. 390.11 (requiring observance of regulations)
c.     49 C.F.R. 395.3  (Hours of service)
d.     49 C.F.R. 392.6  (scheduling runs in excess of hours)

## VI.
## DAMAGES

Cheryl Killion would show that as a direct and proximate result of the acts and/or omissions of negligence and negligence *per se* aforementioned, was caused to suffer serious and permanent personal injuries to his body, all of which have caused her in the past, and will cause her in the future, physical pain, mental anguish, lost wages and loss of earning capacity, physical impairment, disfigurement, and medical and hospital expenses, for which she should be compensated in accordance with the laws of the State of Texas.

James Killion would show that as a direct and proximate result of the acts and/or omissions of negligence and negligence *per se* aforementioned, he was caused to suffer serious and permanent personal injuries, all of which have caused him in the past, and will cause him in the future,  mental anguish, loss of consortium and bystander damages, for which he should be compensated in accordance with the laws of the State of Texas.

Matt Killion would show that as a direct and proximate result of the acts and/or

omissions of negligence and negligence *per se* aforementioned, he was caused to suffer serious and permanent personal injuries to his body, all of which have caused him in the past, pain and suffering, mental anguish and bystander damages and will cause him in the future mental anguish and bystander damages for which he should be compensated in accordance with the laws of the State of Texas.

Plaintiffs damages exceed $500,000 when considering their respective life expectancies, the severity of the impact, life and death issues, and the extent of damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiffs do have and recover Judgment from the Defendants for all damages above set forth, costs of Court, pre-judgment interest at the legal rate of interest as allowed by law, interest on the Judgment at the legal rate of interest from date of Judgment until same is paid, and for such other and further relief, special and general, to which Plaintiffs be entitled, whether at law or in equity.

Respectfully submitted,

_____
ROBERT HASLAM
State Bar No. 09201900

HASLAM & GALLAGHER
555 South Summit
Fort Worth, TX 76104
Telephone: 817/332-3115
Telecopier: 817/332-3148

ATTORNEYS FOR PLAINTIFFS

omissions of negligence and negligence *per se* aforementioned, he was caused to suffer serious and permanent personal injuries to his body, all of which have caused him in the past, pain and suffering, mental anguish and bystander damages and will cause him in the future mental anguish and bystander damages for which he should be compensated in accordance with the laws of the State of Texas.

Plaintiffs damages exceed $500,000 when considering their respective life expectancies, the severity of the impact, life and death issues, and the extent of damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiffs do have and recover Judgment from the Defendants for all damages above set forth, costs of Court, pre-judgment interest at the legal rate of interest as allowed by law, interest on the Judgment at the legal rate of interest from date of Judgment until same is paid, and for such other and further relief, special and general, to which Plaintiffs be entitled, whether at law or in equity.

Respectfully submitted,

_____
ROBERT HASLAM
State Bar No. 09201900

HASLAM & GALLAGHER
555 South Summit
Fort Worth, TX 76104
Telephone:  817/332-3115
Telecopier: 817/332-3148

ATTORNEYS FOR PLAINTIFFS

---



CITATION

### THE STATE OF TEXAS

TO:   ALBERTA LTD, dba X6 RANCH & FEEDLOT
      By Srvg E.M. Powell
      3303 Main, Suite 207
      Houston, TX 77002



You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition with the District Clerk, who is the Clerk for the 415th District Court Judicial District Court in and for Parker County on or before 10:00 a.m. on the Monday next following the expiration of twenty days from the date of service hereof, said Court being located on the 1st floor of the District Courts Building, 117 Fort Worth Hwy, Weatherford, Texas, 76086.

NOTICE: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

The suit is numbered CV09-0057 was filed in the 415th District Court Judicial District Court on January 15th, 2009 and styled

JAMES AND CHERYL KILLION, INDIVIDUALLY AND AS NEXT FRIENDS OF MATT KILLION, A MINOR,Plaintiff(s)

VS.

ALBERTA LTD, DBA X6 RANCH & FEEDLOT, AND THOMAS TAYLOR _____,Defendant(s)

and being the parties in the suit. The nature of the suit is shown in the copy of the attached petition.

NAME & ADDRESS OF PLAINTIFF ATTORNEY:

ROBERT HASLAM
555 SOUTH SUMMIT
FORT WORTH, TX 76104
817.332.3115

ADDRESS OF District Clerk:
District Courts Building
117 Fort Worth Hwy
PO Box 2050
Weatherford, Texas 76086-2050

WITNESS:   ELVERA M. JOHNSON, District Clerk.
Parker County, Texas. Issued and given under my hand and
seal of said Court this the

15th day of January,2009

By _____
          Deputy

CITATION

## OFFICER'S RETURN

Came to hand on the_____ day of _____, 20____ at _____ o'clock ___.M. and executed the ___ day of _____, 20_____, by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on _____ day of _____ 20____ at _____ o'clock ___.M. at_____ in _____County, Texas.

[  ] Not executed. The diligence use in finding defendant being _____
_____
[  ] Information received as to the whereabouts of defendant being_____


Fees $_____

_____Sheriff/Constable
_____County, Texas
By _____Deputy.


** Service by rule 106 TRC if directed by attached Court Order

CAUSE NO. CV09-0057

| | | |
|---|---|---|
| JAMES AND CHERYL KILLION, INDIVIDUALLY AND AS NEXT FRIENDS OF MATT KILLION, A MINOR | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiffs, | §<br>§ | |
| vs. | §<br>§ | |
| ALBERTA LTD. D/B/A X6 RANCH & FEEDLOT, AND THOMAS TAYLOR | §<br>§<br>§<br>§ | PARKER COUNTY, TEXAS |
| Defendants. | §<br>§ | 415TH JUDICIAL DISTRICT |

## DEFENDANTS ALBERTA LTD. D/B/A X6 RANCH & FEEDLOT AND THOMAS TAYLOR'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Alberta Ltd. d/b/a X6 Ranch & Feedlot and Thomas Taylor ("Defendants"), Defendants in the above-referenced matter, and, in answer to Plaintiffs' Original Petition, would show the Court the matters set forth below.

### I.
### General Denial

1.    Subject to such stipulations and admissions as may be made hereafter, Defendants hereby enter a general denial as is permitted by Rule 92 of the Texas Rules of Civil Procedure, and request that Plaintiffs be required to prove by a preponderance of the evidence the charges and allegations which they have made against Defendants.

## II.
## **Affirmative Defenses**

2.      Pleading further, alternatively, and by way of affirmative defense, Defendants would show that the incident in question and Plaintiffs' alleged resulting damages, if any, were the result of negligent acts and/or omissions of others not under the control of Defendants, including Plaintiffs, whose acts or omissions were, alternatively, a proximate cause or a producing cause, or a contributing proximate cause or contributing producing cause or the sole proximate cause or the sole producing cause of the incident in question and any alleged damages stemming therefrom.  Defendants, therefore, invoke the doctrine of comparative causation and proportionate responsibility pursuant to Chapter 33 of the Texas Civil Practices & Remedies Code.

3.      Further answering, alternatively, and by way of affirmative defense, Defendants would show that in the unlikely event that any liability be found on the part of Defendants, such liability be reduced by the percentage of responsibility and/or causation found to have resulted from the negligence of others, parties and non-parties to this Action.

4.      Further, Defendants would show that the incident in question and Plaintiffs' alleged resulting injuries or damages, if any, were the result of an intervening, superseding, or new and independent cause.

5.     Further answering, alternatively, and by way of affirmative defense,

Defendants deny that they are liable for violation of any statutes and thus deny that it is

negligent per se for the following reasons:

   a.     The statutes alleged by Plaintiffs do not set forth any duty of care separate
          and apart from the ordinary duty of care;

   b.     Defendants specifically deny having violated any statutes;

   c.     Any violation of the statutes did not proximately cause any damage to the
          Plaintiffs; and

   d.     Plaintiffs are not member of the class of persons that the statutes have
          been designed to protect.


       WHEREFORE, PREMISES CONSIDERED, Alberta Ltd. d/b/a X6 Ranch &

Feedlot and Thomas Taylor request judgment of this Court that Plaintiffs take nothing in

this suit, and that they recover all costs together with such other and further relief to

which they may be justly entitled.

                           Respectfully submitted,


                           **MARK S. SCUDDER**
                           STATE BAR NO. 17936300
                           **ANNIE J. JACOBS**
                           STATE BAR NO. 24050812
                           **STRASBURGER & PRICE, LLP**
                           901 MAIN STREET, SUITE 4400
                           DALLAS, TX 75202-3794
                           (214) 651-4300
                           (214) 651-4330 Fax

                           ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the ___9th___ day of February, 2009, a true and correct copy of the foregoing was forwarded to all known counsel via, certified mail, return receipt requested and facsimile in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure.

Annie J. Jacobs

CAUSE NO. CV09-0057

| | | |
|---|---|---|
| **JAMES AND CHERYL KILLION, INDIVIDUALLY AND AS NEXT FRIEND OF MATT KILLION** | § § § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § § | **415th JUDICIAL DISTRICT** |
| **vs.** | § § | |
| | § | |
| **ALBERTA LTD. D/B/A X6 RANCH & FEEDLOT AND THOMAS TAYLOR** | § § § | **OF PARKER COUNTY, TEXAS** |
| **Defendants.** | § | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Please take notice that Defendants Alberta Ltd d/b/a X6 Ranch & Feedlot and Thomas Taylor have filed a Notice of Removal of this Cause to the United States District Court for the Northern District of Texas, Fort Worth Division. A copy of the Notice of Removal is attached to this Notice and is served and filed herewith. Pursuant to 28 U.S.C. § 1446(d), removal is effective with the filing of such notice.

Dated this _23_ day of February, 2009.

Respectfully submitted,

_(signature)_

**MARK S. SCUDDER**
State Bar No. 17936300
**ANNIE J. JACOBS**
State Bar No. 24050812
**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been forwarded to Plaintiff, via Certified Mail, Return Receipt Requested on this ___23___ day of February, 2009 as follows:

_____

**ANNIE J. JACOBS**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

## Civil Filing Notice - Fort Worth Division

CIVIL ACTION NO: **4 - 0 9 C V - 1 2 3 - Y**

This case has been assigned to District Judge: *Means*

(Complete if applicable)
TRANSFERRED FROM: _____   DATE FILED: _____

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A)  Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y)  Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James and Cheryl Killion, individually and as next friends of Matt Killion, a minor

## DEFENDANTS
Alberta Ltd. d/b/a X6 Ranch & Feedlot & Thomas Taylor

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Parker County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Alberta, Canada

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert Haslam
Haslam & Gallagher
555 South Summit
Fort Worth, Texas 76104
(817) 332-3115

RECEIVED
FEB 23 2009

ATTORNEYS (IF KNOWN)
Mark S. Scudder
Annie J. Jacobs
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, Texas 75202,
(214) 651-4300

**4-09CV-123-Y**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☒3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Law | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patents | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | LABOR | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environment Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All other Real Property | | | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Defendants remove this case based on diversity pursuant to 28 U.S.C. §1332.

Plaintiffs have brought claims including negligence, negligence per se and respondeat superior.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND
Damages in excess of $500,000.00

CHECK YES only if demanded in complaint
JURY DEMAND: YES  x NO

## VIII. RELATED CASE(S) IF ANY:
(See instructions):
None
JUDGE _____ DOCKET NUMBER _____

DATE Feb 23, 2009
SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # 080110  AMOUNT $350  APPLYING IFP _____  JUDGE Y  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

SUPPLEMENTAL CIVIL COVER SHEET FOR A REMOVED CASE

THIS FORM MUST BE ATTACHED TO THE CIVIL COVER SHEET AT THE TIME THE CASE IS FILED IN THE UNITED STATES DISTRICT CLERK'S OFFICE. ADDITIONAL SHEETS MAY BE USED AS NECESSARY.

**4-09CV-123-Y**

1.     STATE COURT INFORMATION:

Please identify the Court from which the case is being removed and specify the number assigned to the case in that court.

COURT                                         CASE NUMBER

415th Judicial District Court, Parker County, TX     CV09-0057

2.     STYLE OF CASE: *James and Cheryl Killion, individually and as next friends of Matt Killion, a Minor v. Alberta Ltd. d/b/a X6 Ranch & Feedlot and Thomas Taylor*

Please include all plaintiffs, defendants, intervenors, counterclaims, cross-claims and third-party claims still remaining in the case and indicate their party type. Also please list the attorney(s) of record for each party named, and include the attorney's bar number, firm name, correct mailing address, and telephone number (including area code).

PARTY/PARTY TYPE                       ATTORNEY(S):

| PARTY/PARTY TYPE | ATTORNEY(S): |
|---|---|
| James and Cheryl Killion, Individually and as next friends of Matt Killion, a minor | Robert Haslam<br>State Bar No. 09201900<br>Haslam & Gallagher<br>555 South Summit<br>Fort Worth, Texas 76104<br>(817) 332-3115 |
| Alberta Ltd. d/b/a X6 Ranch & Feedlot and Thomas Taylor | Mark S. Scudder<br>State Bar No. 17936300<br>Annie J. Jacobs<br>State Bar No. 24050812<br>Strasburger & Price, LLP<br>901 Main Street, Suite 4400<br>Dallas, Texas 75202<br>(214) 651-4300 |

3.   JURY DEMAND:

   Was jury demand made in state court:               Yes   No   X

   If "yes," by which party and on what date?

   <u>Party</u>                                    <u>Date:</u>

4.   ANSWER:

   Was an Answer made in state court:               Yes  X     No

   If "yes," by which party and on what date?

   <u>PARTY</u>                                   <u>DATE</u>

   Alberta Ltd. d/b/a X6 Ranch & Feedlot and       02/09/09
   Thomas Taylor

5 .  UNSERVED PARTIES:
   The following parties have not been served at the time this case was removed:

   <u>PARTY</u>                          <u>REASON(S) FOR NO SERVICE</u>

   None

6.   NONSUITED, DISMISSED OR TERMINATED PARTIES:
   Please indicate any changes from the style on the State Court papers and the
   reason for that change:

   <u>PARTY</u>                          <u>REASON</u>

   None                                 Not applicable

7.   **CLAIMS OF THE PARTIES:**
This filing party submits the following summary of the remaining claims of each party in the litigation:

| PARTY | CLAIM(S) |
|---|---|
| James and Cheryl Killion, individually and as next friends of Matt Killion, a minor | The Plaintiffs claim negligence and negligence per se on the part of Defendants, and that the alleged negligence was the proximate cause of Plaintiffs' damages. |
| Alberta Ltd. d/b/a X6 Ranch & Feedlot | Defendants deny Plaintiffs' claims and claim the accident and related damages, if any, were caused by the negligence of others, including Plaintiff Cheryl Killion, over whom Defendants had no control. |